Jahan C. Sagafi (Cal. Bar No. 224887)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-mail: jsagafi@outtengolden.com

Justin M. Swartz*
OUTTEN & GOLDEN LLP
685 3rd Ave
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646)509-2060
E-mail: jms@outtengolden.com

Sally J. Abrahamson*
Lucy Brierly Bansal*
OUTTEN & GOLDEN LLP
601 Massachusetts Ave. NW
Second Floor West
Washington, DC 20001
Telephone: (202) 847-4400
Facsimile: (646) 952-9114
E-mail: sabrahamson@outtengolden.com
E-mail: lbansal@outtengolden.com

Gregg Shavitz*
Alan Quiles*
Camar Jones*
SHAVITZ LAW GROUP, P.A.
951 Yamato Rd, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
E-mail: gshavitz@shavitzlaw.com
E-mail: aquiles@shavitzlaw.com
E-mail: cjones@shavitzlaw.com

*_pro hac vice_ motion forthcoming
_Attorneys for Plaintiffs and Proposed Class and Collective_

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA HASBROOK and CHRISTOPHER GODWIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MOBILEONE, LLC,<br><br>Defendant. | Case No.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

1

# INTRODUCTION

Plaintiffs Rebecca Hasbrook ("Hasbrook") and Christopher Godwin ("Godwin"), (collectively "Plaintiffs"), file this Class and Collective Action Complaint and Jury Demand against Defendant, MobileOne LLC ("Defendant" or "MobileOne") seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA") on behalf of themselves and all current and former overtime exempt-classified Store Managers ("SMs") who worked at any of Defendant's locations in the United States; and under the New Mexico Minimum Wage Act ("NMMWA"), N.M.S.A. 1978 §§ 50-4-1 et seq. pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and current and former overtime exempt-classified SMs who worked at any of Defendant's locations in New Mexico. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others:

# NATURE OF THE ACTION

1. Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees of Defendant nationwide who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA") and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations by Defendant of the wage and hour provisions of the FLSA that have deprived Plaintiffs and other similarly situated workers of their lawfully earned wages.

2. Plaintiffs also bring this action on behalf of themselves and similarly situated current and former employees of Defendant who worked in New Mexico pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New Mexico Minimum Wage Act 1978 §§ 50-4-1 et seq. ("NMMWA") and supporting regulations.

# JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

4. Defendant is subject to personal jurisdiction in the Northern District of California.

5. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391

because a substantial part of the events or omissions giving rise to the claims occurred in this District.

6. Intradistrict assignment to the San Jose Division is proper pursuant to Local Rule 3-2(c) because a substantial part of the events or omissions giving rise to the claims occurred in Santa Clara County.

7. Defendant is a covered employer within the meaning of the FLSA, with gross revenue exceeding $500,000 during all relevant times.

## THE PARTIES

*Plaintiff Rebecca Hasbrook*

8. Plaintiff Hasbrook is an adult individual residing in Campbell, California.

9. Plaintiff Hasbrook was employed by Defendant as a SM from on or about June 2017 until on or about April 16, 2019 at MobileOne locations in Cupertino, California and Albuquerque, New Mexico.

10. Plaintiff Hasbrook's written consent to join this action is attached hereto as Exhibit "A."

*Plaintiff Christopher Godwin*

11. Plaintiff Godwin is an adult individual residing in Fort Stanton, New Mexico.

12. Plaintiff Godwin was employed by Defendant as a SM from on or about August 2018 until on or about June 2019 at a MobileOne location in Fort Stanton, New Mexico.

13. Plaintiff Godwin's written consent to join this action is attached hereto as Exhibit "B."

*Defendant*

14. Defendant MobileOne LLC, is a premium T-Mobile retailer and one of the fastest growing wireless providers in the nation.[1]

---

[1] https://www.indeed.com/cmp/T--Mobile-Mobileone-LLC

CLASS AND COLLECTIVE ACTION COMPLAINT

15. With over 500 employees,[2] Defendant operates over 128 retail locations in seven states.[3]

16. Throughout the relevant period, Defendant employed and/or jointly employed Plaintiffs and other SMs within the meaning of the FLSA and the NMMWA.

17. Defendant had substantial control over Plaintiffs' and other SMs' working conditions and the unlawful policies and practices alleged herein.

18. At all times relevant, Defendant maintained control, oversight, and direction over Plaintiffs and other SMs, including timekeeping, payroll, and other employment practices and procedures that applied to them.

19. Defendant applied the same employment policies, practices, and procedures to all SMs.

20. At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.

21. At all times relevant, Defendant has been an enterprise, within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

22. At all times relevant, Defendant was an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

23. At all times relevant, Plaintiffs and all similarly situated SMs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

24. Defendant issued paychecks to Plaintiffs and all similarly situated SMs during their employment.

25. Plaintiff and similarly situated SMs worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by the FLSA or NMMWA.

---

[2] https://www.linkedin.com/company/mobile-one-llc
[3] https://mobileonellc.com/

26. Pursuant to Defendant's policy and pattern or practice, Defendant did not pay Plaintiffs and other similarly situated SMs proper overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

27. In the First Cause of Action, pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant as SMs, as well as other similarly situated current and former employees working in comparable positions but different titles, at any time from three years prior to the filing of this Collective and Class Action Complaint to the entry of judgment in this case (the "Putative SM Collective").

28. Defendant is liable under the FLSA for, inter alia, failing to properly pay overtime wages to Plaintiffs and the members of the Putative SM Collective.

29. There are numerous similarly situated current and former SMs who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Putative SM Collective pursuant to 29 U.S.C. § 216(b).

30. Similarly situated employees are known to the Defendant, readily identifiable, and can be located through Defendant's records.

31. Plaintiffs and the members of the Putative SM Collective, all of whom regularly worked more than forty (40) hours in a workweek, were employed as SMs by Defendant.

32. Defendant failed to pay Plaintiffs and the members of the Putative SM Collective overtime compensation for the hours they worked over forty (40) in a workweek.

33. Defendant failed to keep accurate records of all hours worked by Plaintiffs and the members of the Putative SM Collective.

34. Throughout the relevant period, it has been Defendant's policy, pattern, or practice to require, suffer, or permit Plaintiffs and the members of the Putative SM Collective to work in excess of forty (40) hours per workweek without paying them overtime wages for all overtime hours worked.

35. Defendant assigned the work that Plaintiffs and the members of the Putative SM Collective have performed, or Defendant was aware of the work they performed.

36. The work performed by Plaintiffs and the members of the Putative SM Collective constitutes compensable work time under the FLSA and was not preliminary, postliminary, or de minimus.

37. Defendant intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiffs and the members of the Putative SM Collective. This policy, pattern or practice was authorized, established, promulgated, and/or ratified by Defendant's corporate headquarters. This policy, pattern, or practice includes but is not limited to:

    a. willfully failing to record all the time Plaintiffs and the members of the Putative SM Collective have worked for the benefit of Defendant;

    b. willfully failing to keep accurate time records as required by the FLSA;

    c. willfully failing to credit Plaintiffs and the members of the Putative SM Collective for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

    d. willfully failing to pay Plaintiffs and the members of the Putative SM Collective wages for all hours worked including overtime wages for hours in excess of forty (40) hours per workweek.

38. Defendant is aware, or should have been aware, that the FLSA requires them to pay Plaintiffs and the members of the Putative SM Collective an overtime premium for hours worked in excess of forty (40) hours per workweek.

**NEW MEXICO CLASS ACTION ALLEGATIONS**

39. Plaintiffs bring the Second Cause of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of persons consisting of all persons who have worked for Defendant as SMs, or in comparable positions with different titles, in the State of New Mexico (the "New Mexico Class") at any time between the date three years prior to the filing of this Complaint and the date of final judgment in this matter (the "New Mexico Class Period").

40. Excluded from the New Mexico Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New Mexico Class.

41. The persons in the New Mexico Class identified above are so numerous that joinder of all members is impracticable. The precise number of such persons is not known to Plaintiffs, and the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

42. Upon information and belief, the size of the New Mexico Class is at least 50 workers.

43. Defendant acted or refused to act on grounds generally applicable to the New Mexico Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the New Mexico Class as a whole.

44. The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the New Mexico Class that predominate over any questions solely affecting individual members of the New Mexico Class, including but not limited to:

   a. whether Defendant failed and/or refused to pay Plaintiffs and the New Mexico Class for all hours worked in violation of the NMMWA;
   b. whether Defendant failed and/or refused to pay Plaintiffs and the New Mexico Class overtime pay for hours worked in excess of forty (40) hours per workweek within the meaning of the NMMWA;
   c. the nature and extent of New Mexico Class-wide injury and the appropriate measure of damages for the New Mexico Class;
   d. whether Defendant had a policy of failing to pay workers for time that they work;
   e. whether Defendant failed to compensate Plaintiffs and the New Mexico

Class for all work Defendant required and/or suffered or permitted them to perform; and

f. whether Defendant correctly calculated and compensated Plaintiffs and the New Mexico Class for hours worked in excess of forty (40) per workweek.

45. Plaintiffs' claims are typical of the claims the New Mexico Class sought to be represented. Plaintiffs and the other New Mexico Class members work or have worked for Defendant and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of forty (40) hours per workweek. Defendant acted and refused to act on grounds generally applicable to the New Mexico Class, thereby making injunctive and/or declaratory relief with respect to the New Mexico Class appropriate.

46. Plaintiffs will fairly and adequately represent and protect the interests of the New Mexico Class. Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the New Mexico Class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, one must represent and consider the interests of the New Mexico Class just as one would represent and consider one's own interests. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the New Mexico Class. Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New Mexico Class. Plaintiffs understand that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required in a deposition and in trial.

47. Plaintiffs have retained counsel competent and experienced in class action employment litigation.

48. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the New Mexico Class

have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New Mexico Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

49. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

**COMMON FACTUAL ALLEGATIONS**

50. Consistent with Defendant's policy, pattern, or practice, Plaintiffs and the members of the Putative SM Collective and New Mexico Class regularly worked in excess of forty (40) hours per workweek without being paid overtime wages.

51. All members of the Putative SM Collective and New Mexico Class primarily performed the same or substantially similar job duties.

52. The primary duties that the Plaintiffs and other SMs regularly performed include, but are not limited to:

    a. selling phones,
    b. helping customers,
    c. stocking,
    d. troubleshooting phones,
    e. answering calls,
    f. cleaning, and
    g. cold-calling customers.

53. Plaintiffs' and the other SM's primary job duties did not include:

    a. hiring,
    b. promotion,
    c. firing,
    d. setting rates of pay, or

e. disciplining other employees.

54. Plaintiffs' and the other SMs' primary duties did not differ substantially from the duties of non-exempt hourly-paid employees.

55. Plaintiffs and the other SMs did not exercise a meaningful degree of independent discretion with respect to the performance of their duties.

56. Plaintiffs' and the other SMs' primary duties were customer service related.

57. Customer service occupied the majority of the Plaintiffs' and the other SMs' working hours.

58. Pursuant to a centralized, company-wide policy, pattern, and practice, Defendant classified all SMs as exempt from coverage by the overtime provisions of the FLSA, NMMWA, and applicable state laws.

59. Defendant did not perform a person-by-person analysis of every SM's job duties when making the decision to classify all of them as exempt from the FLSA's and NMMWA's overtime protections, as well as the protections of other applicable state laws.

60. Upon information and belief, Defendant's unlawful conduct described in this Collective and Class Action Complaint is pursuant to a corporate policy or practice which minimizes labor costs by violating the FLSA and NMMWA.

61. Defendant's failure to pay overtime wages for work performed by the Putative FLSA Collective and New Mexico Class in excess of forty (40) hours per workweek was willful.

62. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION

**Fair Labor Standards Act: Unpaid Overtime Wages**

**(On behalf of Plaintiffs and the Putative SM Collective)**

63. Plaintiffs and the members of the Putative SM Collective, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

64. Defendant engaged in a widespread pattern and practice of violating the FLSA as detailed in this Collective and Class Action Complaint.

65. Plaintiffs consented in writing to be parties to this action pursuant to 29 U.S.C §

216(b).

66. The Plaintiffs' written consent forms are being filed with this Collective and Class Action Complaint. (Exs. A, B).

67. At all relevant times, Plaintiffs and the members of the Putative SM Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

68. The overtime wage provision set forth in 29 U.S.C. §§ 201 et seq. apply to the Defendant.

69. The Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

70. At all times relevant, Plaintiffs and the members of the Putative SM Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

71. The Defendant failed to pay Plaintiffs and other similarly situated members of the Putative SM Collective the overtime wages to which they were entitled under the FLSA.

72. Defendant's violations of the FLSA, as described in this Collective and Class Action Complaint, have been intentional and willful, and as such a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

73. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and other similarly situated members of the Putative SM Collective.

74. As a result of Defendant's violations of the FLSA, Plaintiffs and all other similarly situated members of the Putative SM Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, et seq.

75. As a result of the unlawful acts of Defendant, Plaintiffs and other similarly situated members of the Putative SM Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### New Mexico Minimum Wage Act

### (On behalf of Plaintiffs and the New Mexico Class)

76. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

77. At all times relevant, Plaintiffs and the members of the New Mexico Class have been employees and Defendant has been an employer within the meaning of the NMMWA. Plaintiffs and the members of the New Mexico Class are covered by the NMMWA.

78. The overtime wage provision set forth in N.M.S.A. 1978, § 50-4-22 apply to the Defendant.

79. Defendant employed Plaintiffs and the members of the New Mexico Class as an employer in New Mexico.

80. Defendant failed to pay Plaintiffs and the members of the New Mexico Class wages to which they are entitled under the NMMWA. Defendant failed to pay Plaintiffs and the members of the New Mexico Class for overtime at a wage rate of one and one-half times their regular rates of pay.

81. Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and the New Mexico Class members, but required Plaintiffs and the members of the New Mexico Class to work more than forty hours a week without overtime pay.

82. Due to Defendant's intentional and willful violations of the NMMWA, Plaintiffs and the members of the New Mexico Class are entitled to recover from the Defendant their unpaid wages and an additional amount equal to twice the unpaid or underpaid wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and such other relief as provided by law pursuant to N.M.S.A. 1978, § 50-4-26.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

1        A.      That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the Putative SM Collective.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

      B.      Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

      C.      Pre-judgment interest and post-judgment interest as provided by law;

      D.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

      E.      A reasonable incentive award for the Plaintiffs to compensate them for the time and effort they have spent protecting the interests of other SMs, and the risks they have undertaken.

      F.      Certification of the New Mexico claims in this action as a class action;

      G.      Designation of Plaintiffs as New Mexico Class Representatives;

      H.      An award of damages, appropriate statutory penalties, and restitution to be paid by Defendant according to New Mexico law according to proof;

      I.      Pre-judgment and post-judgment interest as provided by New Mexico law;

      J.      Attorneys' fees and costs of the action; and

      K.      Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

/s/
Jahan C. Sagafi (Cal. Bar No. 224887)
OUTTEN & GOLDEN LLP
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-mail: jsagafi@outtengolden.com

Justin M. Swartz*
OUTTEN & GOLDEN LLP
685 3rd Ave
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646)509-2060
E-mail: jms@outtengolden.com

Sally J. Abrahamson*
Lucy Brierly Bansal*
OUTTEN & GOLDEN LLP
601 Massachusetts Ave. NW
Second Floor West
Washington, DC 20001
Telephone: (202) 847-4400
Facsimile: (646) 952-9114
E-mail: sabrahamson@outtengolden.com
E-mail: lbansal@outtengolden.com

Gregg Shavitz*
Alan Quiles*
Camar Jones*
SHAVITZ LAW GROUP, P.A.
951 Yamato Rd, Suite 285
Boca Raton, FL 33431
Phone: 561-447-8888
E-mail: gshavitz@shavitzlaw.com
E-mail: aquiles@shavitzlaw.com
E-mail: cjones@shavitzlaw.com

*pro hac vice motion forthcoming
*Attorneys for Plaintiffs and Proposed Class and Collective*

# EXHIBIT A

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), MobileOne and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:
*Rebecca Hasbrook*
Signature

Rebecca Hasbrook
Print Name

# EXHIBIT B

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), MobileOne and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:
_____
Signature

Christopher Godwin
_____
Print Name